IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JEREMY ROBBINS, )<br>DIANE SHANDS ROBBINS, and )<br>VAIRAME TEDESCO, )<br>)<br>Defendants. ) | No. 3:05-CR-32<br>(PHILLIPS/GUYTON) |

**MEMORANDUM AND ORDER**

This case came before the Court on November 30, 2005 for a hearing on the government's Motion For Reciprocal Discovery [Doc. 239] filed on November 21, 2005. Hugh B. Ward, Jr. was present for the government. James A.H. Bell and Richard Gaines were present for the defendant Jeremy Robbins. Jonathan Cooper was present for the defendant Vairame Tedesco. Jeffrey Z. Daniel was present for the defendant Diane Shands Robbins. The defendant Jeremy Robbins also was present.

The government's motion asks the Court to order the defendants to produce reciprocal discovery on or before December 12, 2005. The government relies on Rule 16(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure, arguing that it has produced its discovery and defendants should reciprocate. In addition, the government notes that the Court has scheduled hearings on the defendants' pending motions, including Motions to Suppress Evidence, for January 9 and 10, 2006. The government argues that it should have the defendants' reciprocal discovery prior to those hearings, because the defendants may attempt to use reciprocal discovery evidence at those hearings.

1

In opposition to the Motion, the defendants also rely on Rule 16(b). They say that under Rule 16, the government must file a "Notice of Completion of Discovery" before reciprocal discovery is triggered. Defendants say that the government still is in the process of making discovery. Moreover, defendants argue that even when the obligation to make reciprocal discovery is triggered, the defendants need only produce discovery limited to the defendants' "case in chief," and not until on or before the pretrial conference. In the present case, the pretrial conference is scheduled for March 29, 2006.

The Court makes the following rulings:

1. Rule 16(b)(1)(A)(ii) provides that a defendant, having requested and received discovery from the government of "documents and objects" under Rule 16(a)(1)(E), must make reciprocal discovery of documents and objects to the government if the defendant "intends to use the item in the defendant's case-in-chief at trial." The Court orders that this reciprocal discovery be produced no later than **March 29, 2006**.

2. Similarly, Rule 16(b)(1)(B)(ii) provides that a defendant, having requested and received discovery from the government of "Reports of Examinations and Tests" under Rule 16(a)(1)(F), must make reciprocal discovery of reports and results of examinations and tests if the defendant "intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony." The Court orders that this reciprocal discovery be produced no later than **March 29, 2006**.

3. Rule 16(c) imposes on the government and the defendants a continuing duty to disclose. The Court expects the government and the defendants to comply with their respective obligations under Rule 16(c).

4. Rule 16 does not impose on the government an obligation to file a "Notice of Completion of Discovery," and therefore, the Court does not order such a notice to be filed.

5. The Motion For Reciprocal Discovery [Doc. 239] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge